*537 ATTORNEY DISCIPLINARY PROCEEDINGS
JjPER CURIAM.
This attorney disciplinary proceeding arises from the filing of formal charges by the Office of Disciplinary Counsel (“ODC”) against respondent, Thomas L. Walker, an attorney licensed to practice law in the State of Louisiana.
UNDERLYING FACTS
Sometime in 1990, Emily Clement met with respondent regarding a potential medical malpractice action stemming from treatment she received for injuries sustained in an automobile accident. Respondent failed to open a file on the matter, nor did he perform any work on the case. Nonetheless, over the course of the next seven years, respondent had several telephone conversations and a face to face meeting with Mrs. Clement, during which time he led her to believe he was representing her and moving forward with the malpractice case.[1]
On December 22, 1997, respondent advised Mrs. Clement and her husband of his inaction and misrepresentation. He also reported his misconduct to the ODC.
DISCIPLINARY PROCEEDINGS

Formal Charges

|gAfter investigation, the ODC filed formal charges alleging numerous violations of the Rules of Professional Conduct, specifically, Rules 1.1(a) (incompetent representation), 1.3 (lack of due diligence and promptness), 1.4(a) (failure to keep client reasonably informed), and 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation).
In his answer to the formal charges, respondent admitted to his actions, but raised several factors in mitigation. First, he alleged that his office may have been “set up” for a legal malpractice claim by Mrs. Clement. In support, he noted that, although Mrs. Clement was a former legal secretary who knew the intricacies of malpractice law and the applicable prescriptive period, the claim was prescribed at the time she came to his office to assert her ease .[2] Moreover, she failed to provide him at any time with medical reports or evidence of her medical office visits. Further, respondent noted in mitigation that Mrs. Clement settled her action against the tortfeasor from the accident for $300,-000, an amount which he claimed more than compensated her for her damages.

Hearing Committee Recommendation

The hearing committee concluded respondent violated the professional rules as charged. As aggravating factors, the committee found respondent had substantial experience in the practice of law (fifteen years) and had two brothers who were attorneys. The committee also identified respondent’s lengthy delay in the resolu *538 tion of the matter as an aggravating factor. As mitigating factors, the committee noted respondent’s absence of a prior disciplinary record, absence of a selfish motive, lack 13of actual harm to client, personal or emotional problems, full and free disclosure to the ODC and remorse. Based on these factors, the hearing committee proposed respondent be suspended from the practice of law for a. period of one year, deferred, followed by a one year period of probation with conditions.

Disciplinary Board Recommendation

The disciplinary board concluded respondent violated the professional rules as charged. It found his actions were knowing and negligent, and could have potentially caused injury to his client. Regardless of Ms. Clement’s motives, the board found respondent failed to act with due diligence in the handling of her case.
The board accepted most of the aggravating and mitigating factors identified by the hearing committee, but determined the hearing committee improperly considered in aggravation the fact respondent has relatives that are attorneys. The board also questioned whether the delay in resolution of the malpractice, claim was an aggravating factor, noting the case had already prescribed.
Considering these factors, the board concluded the twelve month deferred suspension recommended by the committee was an appropriate sanction under the facts. However, in light of the numerous mitigating factors, the board declined to adopt the committee’s recommendation of probation and conditions.
Neither the ODC nor respondent filed an objection in this court to the board’s recommendation.
DISCUSSION
The record supports the findings of the hearing committee and disciplinary board. Respondent failed to take any action on Mrs. Clement’s behalf, and misled her Rinto believing her case was proceeding, when in fact it was not. However, significant mitigating factors are present, including the absence of victim harm, respondent’s self-reporting of his misconduct and his lack of a prior disciplinary record. Under these circumstances, we conclude the one year fully deferred suspension recommended by the disciplinary board is appropriate under the facts.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and the record filed herein, it is the decision of the court that the disciplinary board’s recommendation be adopted. Accordingly, it is ordered that respondent, Thomas L. Walker, be suspended from the practice of law for a period of one year, deferred in its entirety. All costs and expenses of these proceedings are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest commencing thirty days from the date from the finality of the court’s judgment until paid.

. Respondent stated he communicated with Ms. Clement regularly during 1993, frequently in 1994 and a very few times in 1995, 1996 and 1997.

. The automobile accident took place in 1985, and the medical treatment is alleged to have occurred in late 1985 or early 1986. Mrs. Clement stated she met with the respondent for the first time in 1989 or 1985.